## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFFREY HARRIS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-22-310-RAW-GLJ** |
| | ) | |
| DONNIE EDWARDS, in his official | ) | |
| Capacity as Sheriff of Leflore | ) | |
| County; LEFLORE COUNTY | ) | |
| DETENTION CENTER PUBLIC | ) | |
| TRUST; JESSICA DAVIS; | ) | |
| LAURA DIEHL; VICKIE | ) | |
| HANSEN; BRIANNA RIDDLEY; | ) | |
| TAMMY TAYLOR; and | ) | |
| MELISSA WEAVER, | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Jeffrey Harris filed this action on November 4, 2022 [Docket Nos. 1-2].

On February 23, 2023, the Court referred this case to the undersigned Magistrate Judge for

all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket

No. 25]. Before the Court now is Plaintiff's Motion for Leave to Serve Defendant Out of

Time [Docket No. 36]. For the reasons set forth below, the undersigned Magistrate Judge

finds that the Plaintiff's motion should be GRANTED.

### Procedural History

On March 30, 30203, Plaintiff filed the present motion for leave to serve Defendant

Tammy Taylor out of time. Plaintiff stated that he made "repeated attempts" to serve her

due to her common name, but does not detail them or provide documentation of those efforts.  On March 13, 2023, Plaintiff received Initial Disclosures from other Defendants, providing an "updated" address for Ms. Taylor, and now requests leave to serve her out of time.  The undersigned Magistrate Judge directed Defendants to file an expedited response indicating whether they opposed the motion, as Plaintiff's motion did not contain that information.  Counsel for Ms. Taylor entered a limited appearance for purposes of objecting, stating that she was unaware of any attempts to serve her, has not attempted to evade or avoid service, and has not been contacted by Plaintiff's counsel.  Defendant contends Plaintiff cannot establish good cause under Fed. R. Civ. P. 4(m), and thus asks that Plaintiff's motion be denied.

## Review

Under Fed. R. Civ. P. 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Here, Plaintiff was required to serve the Defendants within 90 days, or by February 2, 2023.  In his motion, Plaintiff simply asserts that Plaintiff's name is common and he made repeated attempts to serve her.  The undersigned Magistrate Judge agrees with Defendant that Plaintiff has not established good cause for failing to timely serve Ms. Taylor.

Where Plaintiff fails to show good cause, the Court nevertheless has the discretion to grant a permissive extension of time.  *Espinoza v. United States*, 52 F.3d 838, 841 (10th

Cir. 1995). The Tenth Circuit has identified several factors to guide district courts in determining whether to grant a permissive extension: (i) "if the applicable statute of limitations would bar the refiled action"; (ii) whether "the plaintiff has tried, but failed, to effect service upon the United States"; and (iii) "protect[ing] *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza*, 52 F.3d at 842 & n.8. Additionally, an extension may be appropriate where the defendant has not been prejudiced. *See Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1097 (D. Kan. 2007). Plaintiff alleges that he made repeated attempts to serve Ms. Taylor, and was unable to accomplish it until he received additional contact information on March 13, 2023. He then filed the present motion seventeen days later. Docket Nos. 35-36. Defendants do not address whether a permissive extension should be granted or identify any prejudice they might suffer if leave is granted, and simply assert that Plaintiff has not established good cause. After canvassing the record, the undersigned Magistrate Judge recommends that a permissive extension should be granted in this case. Plaintiff is granted a fourteen-day extension of time from the date Order is adopted, to serve Defendant Tammy Taylor.

## Conclusion

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Motion for Leave to Serve Defendant Out of Time [Docket No. 36] be GRANTED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court

upon a showing of good cause.

**DATED** this 5th day of April, 2023.

_____

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**